ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
   UNITED STATES OF AMERICA        :
                                   :
         - v. -                    :   **SUPERSEDING INFORMATION**
                                   :
   DANIEL QUIRK,                   :   S7 17 Cr. 243 (SHS)
                                   :
                     Defendant.    :
                                   :
- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 1 3 2018

**COUNT ONE**
(Wire Fraud)

The United States Attorney charges:

1.   From at least in or about April 2015 up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, DANIEL QUIRK, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT TWO
(Wire Fraud Conspiracy)

The United States Attorney further charges:

2. From at least in or about April 2015 up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, DANIEL QUIRK, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

3. It was a part and object of the conspiracy that DANIEL QUIRK, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT THREE
(Money Laundering Conspiracy)

The United States Attorney further charges:

4. From at least in or about April 2015 up to and

including at least in or about March 2017, in the Southern District of New York and elsewhere, DANIEL QUIRK, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1957(a).

5. It was a part and an object of the conspiracy that DANIEL QUIRK, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, knowing that the transactions were designed in whole and in part to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

6. It was a further part and an object of the conspiracy that DANIEL QUIRK, the defendant, and others known and unknown, within the United States, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was

derived from specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR
(Narcotics Distribution Conspiracy — Cocaine)

The United States Attorney further charges:

7. From at least in or about 2014, up to and including at least in or about 2016, in the Southern District of New York and elsewhere, DANIEL QUIRK, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate. and agree, together and with each other, to violate the narcotics laws of the United States.

8. It was a part and an object of the conspiracy that DANIEL QUIRK, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

9. The controlled substance that DANIEL QUIRK, the defendant, and others known and unknown, conspired to distribute and possess with the intent to distribute was 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

## COUNT FIVE
(Narcotics Distribution Conspiracy — THC and Marijuana)

The United States Attorney further charges:

10. From at least in or about 2015, up to and including at least in or about 2016, in the Southern District of New York and elsewhere, DANIEL QUIRK, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree, together and with each other, to violate the narcotics laws of the United States.

11. It was a part and an object of the conspiracy that DANIEL QUIRK, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

12. The controlled substances that DANIEL QUIRK, the defendant, and others known and unknown, conspired to distribute and possess with the intent to distribute were (a) mixtures and substances containing a detectable amount of tetrahydrocannabinols ("THC"), in violation of 21 U.S.C. § 841(b)(1)(C), and (b) mixtures and substances containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATIONS

13. As the result of committing the offenses alleged in Counts One and Two of this Information, DANIEL QUIRK, the

defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

14.  As a result of committing the offense alleged in Count Three of this Information, DANIEL QUIRK, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

15.  As a result of committing the offenses alleged in Counts Four and Five of this Information, DANIEL QUIRK, the defendant, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses,

including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28 United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 492;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DANIEL QUIRK,

Defendant.

SUPERSEDING INFORMATION

S7 17 Cr. 243 (SHS)

(18 U.S.C. §§ 1343, 1349, 1956(h) and 2;
21 U.S.C. § 846)

GEOFFREY S. BERMAN
United States Attorney.